UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PATRICK AUSTIN,

                                  Plaintiff,                          Caso No.   1:25-cv-5592

   -against-

AH 43 INC. d/b/a BAR/CODE NYC
  and STANFORD NEW YORK LLC,                     **COMPLAINT AND DEMAND**
                                                                        **FOR JURY TRIAL**

                                Defendants
-------------------------------------------------------------x

Plaintiff Patrick Austin (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants AH 43 Inc. d/b/a Bar/Code NYC and Stanford New York LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

      1.      This action challenges systemic and unlawful disability discrimination by defendants. Plaintiff seeks injunctive and declaratory relief, along with damages, attorneys' fees, and litigation costs, to address violations of Title III of the Americans with Disabilities Act (42 U.S.C. §§ 12181 et seq.), the New York State Executive Law § 296, the New York State Civil Rights Law § 40, and the New York City Administrative Code § 8-107. Defendants operate and/or control a public-facing commercial space that is not accessible to individuals with disabilities, in violation of all of these statutes. They are legally responsible for the actions of their employees and agents.

      2.      Defendants made a deliberate choice to ignore clear legal standards requiring accessibility for people with disabilities. Rather than bring their establishment into compliance, they gambled that no one would hold them accountable. That ends now. This lawsuit seeks to correct those violations and secure equal access for plaintiff.

1

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343, because plaintiff asserts claims under federal law. Supplemental jurisdiction over state and city law claims is proper under 28 U.S.C. § 1367(a).

4. Venue is appropriate in this district under 28 U.S.C. § 1391(b), because the events giving rise to these claims occurred in this district, and the property at issue is located here.

**PARTIES**

5. Plaintiff is a resident of New York County, in the State of New York.

6. He uses a wheelchair for mobility due to a serious spinal injury involving the L3-L5 vertebrae and resulting nerve damage. These medical issues cause severe mobility limitations and impair his ability to walk and move freely.

7. Defendants operate, lease, or otherwise control a business located at or around 43 West 32nd Street, New York, NY 10001 (the "Premises").

8. Both corporate entities are registered and conduct business in New York.

9. At all relevant times, defendants have operated a place of public accommodation at the Premises.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

10. The Defendants qualify as public accommodations under the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the New York Executive Law (§ 292(9)), and the New York City Administrative Code (§ 8-102(9)) because they own, lease, control, or operate the Premises.

11. The Premises is a facility operated by a private entity whose operations affect commerce, bringing it within the scope of those same statutes.

12. There are multiple architectural barriers at the Premises that obstruct or restrict access for individuals with disabilities, including plaintiff.

13. On information and belief, the Premises was either constructed for first occupancy after January 26, 1993, or has undergone alterations after January 1992, including changes to areas connected to or adjacent to the facility.

14. Plaintiff is a New York City resident and routinely travels through the city, including the neighborhood where the Premises is located.

15. He regularly visits the area for personal enjoyment, including shopping, dining, and listening to music while he eats.

16. He uses an electric wheelchair and also relies at times on the city's public transportation network, including buses.

17. On or about May 10, 2025, plaintiff attempted to visit the Premises after hearing favorable reviews of its cocktails and food, including a specific oyster dish with sriracha foam.

18. When he arrived, however, he encountered steps at the main entrance and no visible way to request assistance. He was unable to gain access.

19. The barriers remain in place, and the lack of access made plaintiff feel humiliated and excluded.

20. Despite that experience, plaintiff still intends to return once the Premises is accessible.

21. The location is within an hour's reach of plaintiff's home and remains of

interest to him.

22. But as it stands, the features, design, and layout of the Premises do not comply with applicable accessibility standards, including the ADA Accessibility Guidelines (28 C.F.R. Part 36, Appendix A), the 1991 and 2010 Standards for Accessible Design, and the City's building codes.

23. As a result of these failures, plaintiff has been and continues to be denied equal, safe, and complete access.

24. Defendants have not designed, constructed, or altered the facility in accordance with the 1991 Standards, the 2010 Standards, the New York City Administrative Code, the Building Code of the City of New York, or the 2014 NYC Construction Code.

25. Barriers that plaintiff encountered—or that deter him from returning—include but are not limited to:

26. The path of travel to interior dining tables is inaccessible due to changes in level caused by interior steps. Restaurants must provide accessible routes to all dining areas, including raised or sunken sections.

27. Dining tables inside the restaurant do not meet the required accessibility standards. There is insufficient knee and toe clearance, and fewer than the required five percent of seating spaces comply with ADA standards.

28. The bar area is also inaccessible. It exceeds maximum height limits and lacks the required knee and toe clearance. No accessible portion of the bar has been provided.

29. These issues violate specific technical provisions, including those in Sections 902, 305, 306, and related subsections, which establish requirements for clear floor space, forward approach, table height, and reach ranges.

4

30. This is not an exhaustive list. Plaintiff believes a full inspection would reveal additional barriers and noncompliant conditions.

31. A complete inspection is necessary to identify all violations and ensure comprehensive remediation. Plaintiff gives notice of intent to amend this complaint based on the findings of such an inspection.

32. Defendants have denied plaintiff the opportunity to participate in and benefit from the services they offer, solely because of his disability.

33. They have failed to implement policies or practices that accommodate people with disabilities or to provide reasonable modifications as required by law.

34. As a result, plaintiff faces an ongoing, credible threat of discrimination due to defendants' noncompliance. The barriers remain, and they continue to deter plaintiff from returning.

35. He regularly visits the area and intends to return to the Premises multiple times once it is brought into compliance.

## FIRST CAUSE OF ACTION

### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

36. Plaintiff restates and incorporates all preceding allegations as though fully set forth herein.

37. Due to a spinal injury affecting his L3-L5 vertebrae and resulting nerve damage, plaintiff experiences substantial limitations in walking and mobility. He uses a wheelchair for movement and has restricted range of motion, placing him within the definition of "individual with a disability" under the ADA.

38. The ADA imposes joint and several liability on both the property owner and

the lessee of a place of public accommodation. This obligation cannot be transferred or avoided through a lease or other private agreement. See 28 C.F.R. § 36.201(b).

39. Defendants have denied plaintiff the full and equal enjoyment of their facility on the basis of disability. Their policies, design choices, and failure to remove known barriers have resulted in unequal access and disparate treatment.

40. By continuing to operate a public-facing business that fails to meet federal accessibility standards, defendants have signaled to individuals like plaintiff that they are not welcome.

41. Defendants designed, built, or altered the Premises in a manner that is not accessible to individuals with disabilities and is not compliant with the ADA's 1991 or 2010 Standards. See 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.401(a)(1).

42. Their facility does not provide an integrated and equal experience for disabled patrons, in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

43. After making alterations to their space, defendants failed to bring those modified areas—and the paths of travel leading to them—into compliance, as required under 28 C.F.R. §§ 36.402, 36.403, and 36.406.

44. Section 36.406(5) mandates that noncompliant facilities must be modified to meet the 2010 Standards. Defendants have not fulfilled this obligation.

45. They also failed to remove readily achievable physical barriers to access, in violation of 28 C.F.R. § 36.304. Remediation is possible without undue burden or significant difficulty.

46. Alternatively, defendants failed to offer reasonable alternatives to barrier removal, in violation of 28 C.F.R. § 36.305.

47. Their continued failure to make the Premises accessible amounts to a pattern

and practice of discrimination, in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.101 et seq.

48. Defendants are actively maintaining and operating a public accommodation that excludes individuals with disabilities, in direct violation of the ADA.

## SECOND CAUSE OF ACTION

**(VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)**

49. Plaintiff repeats and incorporates all prior allegations as if fully restated herein.

50. Due to his spinal injury and associated nerve damage, plaintiff experiences physical impairments that substantially affect walking and mobility. These limitations qualify as a disability under the New York State Executive Law § 296(21).

51. Defendants have denied plaintiff equal access to their business based solely on his disability. This denial of access constitutes disparate treatment under state law.

52. By maintaining a commercial establishment that is inaccessible, defendants have violated Executive Law § 296(2). Each defendant has participated in or facilitated this discriminatory conduct.

53. They have not removed physical barriers where doing so would have been readily achievable, in violation of Executive Law § 296(2)(c)(iii).

54. Nor have they provided reasonable alternatives to physical access as required under Executive Law § 296(2)(c)(iv).

55. Compliance would not have imposed undue hardship or excessive cost. Defendants had both the means and the obligation to make their premises accessible, but chose not to.

56. As a result of this ongoing violation, plaintiff has suffered and continues to suffer emotional harm, including embarrassment, frustration, and anxiety.

57. He is entitled to compensatory damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

58. Plaintiff incorporates all prior allegations as though fully set forth herein.

59. Because of his physical impairments, plaintiff is substantially limited in mobility and movement. These conditions qualify as a disability under the Administrative Code § 8-102(16).

60. The Local Civil Rights Restoration Act of 2005 (Local Law 85) amended the City Human Rights Law to ensure it is interpreted independently and more broadly than similar federal or state statutes. Section 8-130 of the Code directs that the law be construed in favor of maximizing civil rights protections.

61. Defendants have discriminated against plaintiff both directly and indirectly by refusing to provide equal access to their establishment. By withholding the benefits, services, and features of their public accommodation due to plaintiff's disability, they have violated § 8-107(4) of the Administrative Code. Each defendant has aided or abetted this unlawful conduct.

62. By designing or operating a commercial space that excludes people with disabilities, defendants are in violation of § 8-107(4) and Local Law 58.

63. Their refusal to remove barriers and modify policies results in unequal treatment of plaintiff, and their discriminatory practices are ongoing.

64. Plaintiff has experienced emotional distress, including shame, stress, and frustration, as a direct result of this exclusion.

65. On information and belief, defendants' failure to comply with the City's accessibility laws has not been accidental. It reflects a deliberate or reckless disregard for their

legal obligations.

66. By maintaining a facility that remains inaccessible, defendants have made clear that patrons with disabilities are not welcome.

67. Their conduct has been willful, negligent, and reckless, warranting the imposition of punitive damages under Administrative Code § 8-502.

68. In operating a noncompliant space while avoiding the costs of accessibility upgrades, defendants have also received the financial benefits of their unlawful conduct. They must be required to disgorge those gains, with interest.

69. Plaintiff has suffered damages and continues to do so, in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

70. Plaintiff restates all prior allegations as though fully set forth herein.

71. Defendants' conduct constitutes unlawful disability discrimination under the New York State Executive Law.

72. As a result, plaintiff is entitled to recover statutory penalties pursuant to Civil Rights Law §§ 40-c and 40-d for each violation committed by defendants.

### INJUNCTIVE RELIEF

73. Defendants' continued failure to comply with federal, state, and local accessibility laws exposes plaintiff to ongoing and unlawful discrimination. Injunctive relief is necessary to compel defendants to bring their facility and business practices into full compliance.

74. The Court should order defendants to make the Premises physically accessible, to revise any policies that exclude or fail to accommodate individuals with disabilities, and to

implement necessary operational changes required by law.

75. Defendants must also provide auxiliary aids, reasonable modifications, and alternative methods of access as required under the ADA, the Executive Law, and the Administrative Code.

## DECLARATORY RELIEF

76. Plaintiff seeks a declaration that defendants have violated applicable accessibility statutes and that specific physical and policy-based changes are required to bring their facility and operations into compliance.

## ATTORNEY'S FEES, EXPENSES AND COSTS

77. To enforce his legal rights, plaintiff has retained counsel and is entitled to recover reasonable attorney's fees, costs, and expenses under the ADA and the Administrative Code. See 42 U.S.C. § 12205; 28 C.F.R. § 36.505; Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: July 7, 2025

Manhasset, New York

Respectfully submitted,

GABRIEL A. LEVY, P.C.
Attorney for Plaintiff
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
(347) 941-4715

By: /s/ Gabriel A. Levy, Esq.
GABRIEL A. LEVY, ESQ (5488655)
Glevy@glpcfirm.com